**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DARRELL K. DERREBERRY**                                        **PLAINTIFF**

**v.**                                                     **CAUSE NO: 1:06-cv-19-EMB**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Darrell K. Derreberry seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable final decision of the Commissioner of the Social Security Administration (the "Commissioner"), regarding his application for disability benefits under Title II and supplemental security income ("SSI") under Title XVI. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having duly considered the submissions of the parties, the administrative record and the applicable law, rules as follows.

**Procedural History**

Plaintiff protectively filed applications for disability benefits under Title II and for supplemental security income under Title XVI on March 9, 2004, alleging a disability onset date of February 12, 2004. (Tr. 63-66). The applications were denied initially and on reconsideration. (Tr. 29, 30-36, 39-42, 192-95).

In a hearing decision dated December 4, 2004, an administrative law judge (ALJ) found that Plaintiff was not disabled as defined in the Social Security Act. (Tr. 17-20). The ALJ's

hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 19, 2005. (Tr. 5-8). The ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

## Facts

Plaintiff was born December 15, 1964 (Tr. 63) and was nearly 40 years of age at the time of the hearing decision on December 4, 2004. (Tr. 20, 63). He completed the seventh grade. (Tr. 236). Plaintiff previously worked as a machine operator and as a district manager for a furniture manufacturer. (Tr. 82). Plaintiff alleged that he could no longer work due to hepatitis C, depression, and migraine headaches. (Tr. 100-01). However, after a careful review and evaluation of the medical evidence of record and the subjective testimony at the hearing (Tr. 231-68), the ALJ found Plaintiff not disabled. (Tr. 17-20). Contrary to Plaintiff's allegation of disability, the ALJ found that he did not have any severe impairments during his alleged period of disability. (Tr. 17-20).

## Law

The function of this Court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Spellman*, 1 F.3d at 360. This Court may not reweigh the evidence, try the issues *de novo* or

substitute its judgment for the Commissioner's. *Id*.; *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112 S.Ct. 1046, 117 L.Ed.2d 239 (1992). Despite this Court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Villa*, 895 F.2d at 1022; *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

To be considered disabled, Plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 (1995).

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## Analysis

Plaintiff's main point of contention is that the side effects from his treatment regimen for hepatitis C were disabling. (Pl.'s B. 4-6). Specifically, Plaintiff argues that the effects of his treatment lasted equal to or longer than 52 weeks, one year, and thus meet the durational requirement that an impairment last at least one year to be considered severe under applicable law. (Pl.'s B. 4-6).

The medical evidence shows that Plaintiff had hepatitis C, as indicated by biopsy in February 2004. (Tr. 137). On a Doctor's Certificate completed on June 22, 2004, Dr. John O. Phillips indicated that he had been treating Plaintiff since April 28, 2003. (Tr. 173). He also noted that he had not advised Plaintiff to leave work. (Tr. 173). Dr. Phillips indicated that though Plaintiff was not able to do his usual work, he was able to do part-time work. (Tr. 173).

In October 2004, Dr. Phillips wrote the ALJ a letter in which he stated that, after a three-month regimen of therapy (interferon and ribavirin), Plaintiff no longer had any detectable hepatitis C virus in his body. (Tr. 174). The therapy was planned to continue for a total of 48 weeks. (Tr. 174). Dr. Phillips stated that most patients have no side effects from the treatment. (Tr. 174).

In July 2005, Dr. Phillips composed a "To Whom It May Concern" letter in which he stated that during Plaintiff's therapy he was "hinder[ed]" in his ability to work due to side effects of medication, including fatigue, fever, chills, muscle aches and joint pain. (Tr. 203). However, Dr. Phillips stated that the therapy had "eradicated" the hepatitis C virus and that Plaintiff no longer had any symptoms. (Tr. 203).

The Court agrees with Defendant that Plaintiff failed to prove that his condition lasted the requisite 12 months to be considered severe under applicable law and Agency regulations.

4

See 42 U.S.C. § 423(d)(1)(A); see also 20 C.F.R. § 404.1505.

> Title 42 U.S.C. § 423 provides in pertinent part:
>
> (d)(1) The term "disability" means
> (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> (2) For purposes of paragraph (1)(A)--
> (A) An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. . . .
> (3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. . . .

In this case, Dr. Phillips wrote a letter to the ALJ in October 2004, indicating that after only three months of treatment Plaintiff had no detectable traces of the hepatitis C virus. (Tr. 174). He also noted that the ususal side effects, flu-like symptoms, mood swings, depression, etc., from treatment with interferon and ribavirin usually improved with prolong treatment. (Tr. 174). Indeed, in June 2004, Dr. Phillips indicated that he never advised Plaintiff to leave work. On this record, Plaintiff simply failed to carry his burden of proving that he was unable to engage in substantial gainful employment due to an impairment which could be expected to result in death or that lasted or could be expected to last for a continuous period of not less than 12 months.

## **Conclusion**

Based upon the foregoing, the Court finds the ALJ's determination that Plaintiff did not have any severe impairments is supported by substantial evidence, and the decision of the Commissioner should be affirmed. A final judgment consistent with this opinion will be entered.

**THIS**, the 27th day of September, 2007.

/s/ **Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**